UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS PRICE, Plaintiff,

v. CIVIL ACTION NO. 3:16-cv-P514-DJH

CUA TERSA ST CLAIR *et al.*, Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

This is a civil rights action brought by *pro se* Plaintiff Thomas Price pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

At the time Plaintiff filed his complaint, he was incarcerated at Kentucky State Reformatory (KSR). He brings this action against KSR Warden Aaron Smith and four additional KSR employees in their official capacities – Tersa St Clair, Tara Aldridge, David Villa, and Arvin Brown.

Plaintiff alleges that he was punched by another inmate on July 21, 2015. He alleges that he and the other inmate had not been getting along and that he tried to move away from this inmate by requesting a transfer to another dormitory. Plaintiff alleges that his request for a transfer was mishandled by Defendant St Clair because she decided to move the other inmate instead of Plaintiff. Plaintiff alleges that this made the other inmate angry and that this is why he punched Plaintiff. Plaintiff claims that he has a scar where the other inmate punched him.

Plaintiff states that Defendants Villa and Brown, who were both officers at KSR, knew there was tension between the two inmates because Defendant Villa had previously offered each inmate protective custody and Defendant Brown had collected their signed refusals for such. Plaintiff argues that the fight could have been prevented if these Defendants had reported this information to Defendant St. Clair, the unit administrator, and Defendant Aldridge, an administrative specialist. Plaintiff does not mention Defendant Warden Smith in the body of his complaint.

As relief, Plaintiff seeks monetary damages and to be transferred from KSR to "a camp."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff has sued all five Defendants in their official-capacities. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New*

3

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants, he fails to state a cognizable claim against them under § 1983. The Eleventh Amendment also acts as a bar to claims for monetary damages against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, Plaintiff's official-capacity claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

### B. Individual-Capacity Claims

In addition, although Plaintiff has not sued any Defendant in his or her individual capacity, even if he had, his complaint would still fail to state a claim upon which relief may be granted. *See LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

A "failure to protect" claim is analyzed under the Eighth Amendment deliberate indifference to safety standard. *See, e.g.*, *Bishop v. Hackel*, 636 F.3d 757 (6th Cir. 2011). To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure to protect from risk of harm is objectively "sufficiently serious." *Id*. at 766 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). That is, the inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. The inmate must then show that the prison official was deliberately indifferent – that is, that the prison official knew of and disregarded an excessive risk to the inmate's health or safety; the official must both be "aware of the facts from which the inference could be drawn that a substantial risk of serious

4

harm exists" and he must actually "draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. at 837).

Here, Plaintiff himself alleges that the other inmate punched him when he learned that he, and not Plaintiff, was going to be transferred. Plaintiff also alleges that neither Defendant St. Clair nor Defendant Aldridge knew that he and the other inmate were not getting along. In addition, Plaintiff alleges that Defendant Villa offered both inmates protective custody prior to the fight and that Defendant Brown personally took the signed refusals for protective custody from both inmates. Thus, Plaintiff's own allegations show that no Defendant recklessly disregarded Plaintiff's safety. Rather, two of the Defendants did not even know there was a problem between the two inmates and two other Defendants offered both inmates protective custody, which they refused. Further, Plaintiff himself alleges that the fight resulted because prison officials were attempting to comply with his request to be separated from the other inmate.

With regard to Defendant Warden Smith, Plaintiff does not allege that he was in any way personally involved in the conduct about which Plaintiff complains. In order to recover against a given defendant in a civil rights action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v.*

*Dodson*, 454 U.S. 312, 325-26 (1981). Plaintiff makes no factual allegations at all regarding Defendant Warden Smith, let alone that he was personally involved in the conduct which allegedly violated Plaintiff's rights. At best, Plaintiff's inclusion of Defendant Warden Smith suggests Plaintiff's belief that he is liable simply because he is a supervisory official, but "[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Finally, the Court notes that an Eighth Amendment claim for monetary damages also requires an inmate to plead and prove that he suffered some non-*de minimus* physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). Here, Plaintiff has also failed to allege the punch resulted in more than a *de minimus* injury. *See, e.g.*, *White v. Williams*, No. 9:12-CV-1775 (NAM/DJS), 2016 U.S. Dist. LEXIS 81972, at \*41-42 (N.D.N.Y. June 22, 2016) (holding three abrasions, facial swelling, and jaw pain were *de minimus* injuries and failed to support a failure to protect claim); *Chavero-Linares*, No. 12-CV-42-LRR, 2013 U.S. Dist. LEXIS 148123, at \*26-30 (N.D. Iowa Oct. 15, 2013) (holding that a scratch or cut on the cheek that requires only one pain pill for treatment is a *de minimus* injury and, thus, insufficient to support a failure to protect claim); *Williams v. Smith*, No. 4:10-CV-04085, 2012 U.S. Dist. LEXIS 125038, at \*29-31 (W.D. Ark. Aug. 14, 2012) (holding that dizziness, headache, and scars from a "sucker punch" were only *de minimus* injuries and did not support a failure to protect claim).

For these reasons, even if Plaintiff was allowed to amend his complaint to name Defendants in their individual capacities, the complaint would still be dismissed for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

Plaintiff also states that he is in "camp custody" and seeks to be transferred to a "camp." Although Plaintiff's request is not entirely clear to the Court, inmates have no constitutional right to placement in a particular prison facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) (inmate has no constitutional right to be transferred from one institution to another); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility). Moreover, the record reflects that Plaintiff is no longer incarcerated at KSR, so his request for injunctive relief is moot. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("To the extent that an inmate seeks declaratory and injunctive relief his claims become moot when he is no longer confined to the institution that allegedly violated his Constitutional rights."). Therefore, this claim will also be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: November 29, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
  Defendants
  General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.011